UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) ) ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) ) ) | |
| | ) | **COMPLAINT** |
| v. | ) ) ) | |
| | ) | **JURY TRIAL DEMAND** |
| BAKER CONCRETE CONSTRUCTION, INC., | ) ) ) | |
| **Defendant.** | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Maria Castillo ("Castillo"), who was adversely affected by such practices. This suit is also brought to effectuate appropriate injunctive relief for others who may have been adversely affected by Defendant's discriminatory practices, and to prevent further occurrence of such practices.

As alleged with greater particularity in the Statement of Claims below, Defendant discriminated against Castillo when it failed to provide her with a reasonable accommodation for her actual disability (asthma) and terminated her employment because of her disability in

- 1 -

violation of the ADA.  Alternatively, the Commission alleges that Defendant terminated her employment because it regarded her as having a disability.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f) (1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, Baker Concrete Construction, Inc. ("Defendant") has continuously been a corporation organized under the laws of the State of Ohio, doing business within the State of Texas, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.

At least since February 2012, Defendant has engaged in conduct in Houston, Texas which violates the ADA.

8.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Castillo filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.

Ms. Castillo has at all times relevant been a qualified individual with a disability within the meaning of the ADA.

10.

Ms. Castillo has severe asthma. Her asthma has occasionally required her to be hospitalized, and it also has forced her to use a breathing device throughout the day. Her asthma substantially limits major life activities, such as breathing. Accordingly, Ms. Castillo is disabled within the meaning of the ADA.

11.

Defendant hired Ms. Castillo in 2003 as a payroll clerk. She was promoted to payroll manager in 2006. Ms. Castillo performed her job satisfactorily. On at least one occasion prior to 2012, Defendant had introduced irritants in the air at work which caused Ms. Castillo to have an asthma attack. On or about February 2012, a microwave on Respondent's premises burned an item and emitted heavy smoke, causing Respondent to evacuate the building. The smoke also caused Ms. Castillo to have a severe asthma attack.

12.

Because of the asthma attack, Ms. Castillo was out of work from about February 12, 2012 to February 26, 2012. When she returned to work on or about February 27, 2012, Carol Patton, Defendant's human resources administrator, told Castillo that she had discussed Castillo's employment with Al Mikolas, Defendant's human resources director. Patton said that both she and Mikolas had agreed that Castillo could no longer continue working for Defendant because

she was disabled and because the building was old, and that she would merely get sick there again if she were to return to work.

13.

Ms. Castillo offered to work at home until she recovered, a request that was reasonable since her job duties were primarily to review documents and to talk to workers, duties that could be accomplished by computer and from her telephone at home. She also asked if Defendant could install an air filtration system of if she could be moved away from the office's kitchen, where the microwave was located. Defendant rejected all of her requests for accommodations and placed her on extended leave.

14.

When she attempted to return to work in July 2012, Castillo was told that her job was eliminated.

15.

Defendant failed to reasonably accommodate Ms. Castillo's disability.

16.

Defendant violated the ADA by failing to reasonably accommodate Castillo's request for additional leave so that she could return to work after recovering from the smoke incident on its premises that caused her asthma attack.

17.

Defendant violated the ADA by failing to reasonably accommodate Castillo's request to work at home so that she could return to work after recovering from the smoke incident on its premises that caused her asthma attack.

18.

Defendant violated the ADA by failing to reasonably accommodate Castillo's request to make workplace modifications so that Castillo could return to work after recovering from the smoke incident on its premises that caused her asthma attack and so that the likelihood of another asthma attack would be minimized.

19.

Defendant violated the ADA by failing to engage in the interactive process regarding any of Castillo's reasonable accommodation requests.

20.

Defendant violated the ADA by discharging Castillo because of her disability.

21.

Defendant violated the ADA by discharging Castillo because of her impairment, asthma. The discharge was due to Defendant regarding Charging Party as disabled.

22.

The practices complained of herein have deprived Ms. Castillo of equal employment opportunities by discharging her from her job because of her disability.

23.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or with reckless indifference to Ms. Castillo's federally protected rights.

24.

Defendant's unlawful practices complained of herein have violated the rights of affected persons protected under the ADA.

25.

The unlawful employment practices complained of herein were intentional.

26.

The unlawful employment practices complained of herein have caused Ms. Castillo to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are "disabled" within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful

employment practices, including allowing disabled employees to use leave as a reasonable accommodation.

C. Order Defendant to make whole Ms. Castillo by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to reinstate Ms. Castillo or to make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant to make whole Ms. Castillo by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make whole Ms. Castillo by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G. Order Defendant to pay Ms. Castillo punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

>Respectfully submitted,
>
>**P. DAVID LOPEZ**
>General Counsel
>
>**JAMES L. LEE**
>Deputy General Counsel
>
>**GWENDOLYN YOUNG REAMS**
>Associate General Counsel
>
>**JIM SACHER**
>Regional Attorney
>
>Equal Employment Opportunity Commission
>Houston District Office
>1201 Louisiana Street, 6th Floor
>Houston, Texas, 77002
>Direct Line: (713) 651-4963
>Email: jim.sacher@eeoc.gov
>
>
>*/s/ Rudy L. Sustaita   /s/*
>RUDY L. SUSTAITA
>Attorney-in-Charge
>Texas Bar No. 19523560
>Federal ID No. 11850
>Rudy.sustaita@eeoc.gov
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>Houston District Office
>1201 Louisiana Street, 6th Floor
>Houston, Texas 77002
>Telephone: (713) 651-4970